**SO ORDERED.**

**SIGNED this 10 day of August, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **IN RE:** | |
| **MONICA M. WITT,** | **CASE NUMBER: 08-05397-8-JRL** |
| | **CHAPTER 11** |
| Debtor. | |
| | |
| **IN RE:** | |
| **MONICA M. WITT and** | |
| **ISLAND LAND COMPANY, LLC,** | **ADVERSARY PROCEEDING** |
| | **NO. L-09-00061-8-AP** |
| Plaintiffs, | |
| v. | |
| **MICHAEL P. NOLAN, MICHAEL B.** | |
| **BURNETTE, GEORGE E. GOODRICH, MMB,** | |
| **INC., AND BERKLEY CLUB, LLC.,** | |
| Defendants. | |

_____

### ORDER

This matter came before the court on the plaintiff's motion to compel and extend

deadlines. A hearing on the matter was held on July 21, 2010, in Raleigh, North Carolina.

## BACKGROUND

Defendants express the intent to proffer Hood Ellis, Esq. ("Ellis") as a lead witness during the trial of this matter. They have already filed his affidavit in support of their pending partial motion for summary judgment. Ellis previously represented defendant Nolan during transactions which led to the present action. In the defendants' Third Response to Plaintiff's Motion to Compel, filed on July 19, 2010, the attorney client privilege was waived. Defendants assert that to date, approximately 1450 pages of Ellis' legal file have been provided to the plaintiff. However, approximately 58 pages of documentation were withheld under the assertion that such material constituted attorney work-product. The plaintiff argues that the waiver of attorney/client privilege extends to work-product. As such, the plaintiff seeks access to the remaining, withheld documents. The court disagrees with the notion that waiver of the attorney/client privilege acts as a waiver of work-product. However, in the instant case, cause exists for a portion of those materials withheld to be made available to the plaintiff.

## DISCUSSION

Interpreting Fed. R. Civ. P. 26, The United States Supreme Court, in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1947), established what is recognized as the work-product doctrine. Under Hickman, the Court determined that the mental analysis of an attorney is generally non-discoverable. The Court's rationale was grounded on the premise that a lawyer requires a degree of privacy when preparing a case; otherwise, the goals of promoting justice and a client's interest could be undermined. Id. at 510-511, 67 S.Ct., at 393.

Revisiting the issue of work-product in U.S. v. Nobles, the Court noted that while

essential to promoting an effective adversary system, the doctrine is not absolute. 422 U.S. 225, 238-239, 95 S.Ct. 2160, 2170 (1975). In Nobles, the Court found work-product waived by implication when used for a testimonial purpose. Pursuant to this finding, all privileged information related to the same subject matter as the testimony was waived and the normal rules of evidence applied. Id. at 240 fn. 14, 95 S.Ct. 2160, 2171. Nobles, however, dealt only with testimonial work-product that was non-opinion in nature.

The Fourth Circuit expanded on Nobles in In re Martin Marietta Corp., considering the use of opinion work-product in the testimonial context. Bifurcating work-product into either non-opinion or opinion work-product, the court sought to answer the question of whether subject matter waiver "applies with equal vigor to opinion work product." 856 F.2d 619, 625-626 (4th Cir. 1988)(citing, Duplan Corp. v. Deering Milliken, Inc., 540 F.2d 1215, 1223 (4th Cir. 1976)). Citing two reasons, the court determined that subject matter waiver required the production of all non-opinion work-product; however, opinion work-product remained protected. First, the court relied on the plain language of Rule 26(b)(3) to uphold the idea that opinion work-product is to be afforded a great deal of protection. Second, the court determined that it was unlikely a party would "attempt to use a pure mental impression or legal theory as a sword and as a shield in the trial of a case so as to distort the fact finding process." Marietta, 856 F.2d at 626. Therefore, applying subject matter waiver to opinion work-product was not appropriate. Id.

The federal courts in North Carolina have followed suit, entitling opinion work-product to near absolute protection. *See*, U.S. v. Duke Energy Corp., 208 F.R.D. 553 (M.D.N.C. 2002). However, narrow exceptions are allowed. In Charlotte Motor Speedway, Inc. v. International Ins. Co., 125 F.R.D. 127 (M.D.N.C. 1989), settlement agreements between Charlotte Motor

3

Speedway, Inc. ("Speedway") and its predecessor's shareholders led to an action against International Insurance Company ("International") for indemnification. Asserting its defense, International claimed that the settlement agreements were intentionally structured so as to invoke coverage under the policy. Thus, the activities and advice of Speedway's counsel were at issue as the basis of defense. In light of these facts, the court found that the circumstances warranted a narrow exception to the general protection of opinion based work-product. Charlotte, 125 F.R.D. at 130-131.

Another exception has been noted when an attorney takes the stand as an expert witness. In Vaughan Furniture Co. v. Featureline Manufacturing Inc., 156 F.R.D. 123 (M.D.N.C. 1994), the court held that when a party names its attorney as an expert, the attorney's opinions are intended to be used "as a sword or shield to affect the fact finding process." Vaughan, 156 F.R.D. at 128. In such a situation, the "unlikely" occurrence noted in Marietta becomes a reality. Hence, the intent to make "offensive or defensive" use of the attorney's opinions resulted in a wavier of opinion work-product. The waiver, however, was limited to that opinion work-product which was the basis of testimony. Id. This finding comports with the rules of disclosure for expert witnesses. Fed. R. Civ. P. 26(a)(2).

Here, Ellis' work-product is being used for testimonial purposes. However, disclosing opinion work-product is unwarranted. Based on the record before the court, and defendants' Amended Answer, Ellis' advice to Nolan during representation is not being raised as a defense. Therefore, the plaintiff is only entitled to non-opinion work-product. Having reviewed the documents *in camera*, the following constitute non-opinion work-product and shall be disclosed to the plaintiff: Number(s) 18, redacted 45, 93, 94, non-redacted 104, non-redacted 166, non-

redacted 198, 272, 348, 371, 383, 406, 412, 468, 470, and 1479.  The pages numbered 1511-1514 are also discoverable.  Applying Fourth Circuit authority, because the answers to interrogatories contained on pages 1511-1514 were drafted with the intent to publish, the right to assert the privilege of work-product is lost.  In re Grand Jury Proceedings, 727 F.2d 1352, 1356 (4th Cir. 1984)(the attorney/client privilege did not extend to information given to the attorney for preparation of documents to be seen by others.); U.S. v. (Under Seal), 748 F.2d 871, 875 (4th Cir. 1984)(limiting holding of In re Grand Jury to situations in which attorney authorized to perform services which demonstrate client's intent for publication).  What remains unclear is whether Ellis will testify in a lay or expert capacity.  His affidavit is fairly characterized as offering only factual testimony.  If it becomes apparent that Ellis will testify as an expert, than the court will order all documents containing opinion work-product to be disclosed.

       The e-mail sent from Ellis to Nolan, numbered 265, is not work-product.  Normally, document number 265 would receive protection under the attorney/client privilege.  However, with the privilege waived,  the e-mail is discoverable.

**END OF DOCUMENT**