**SO ORDERED.**

**SIGNED this 24 day of August, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

| | |
|---|---|
| IN RE: | |
| MONICA M. WITT, | |
| Debtor. | CASE NO. 08-05397-JRL<br>CHAPTER 11 |
| | |
| MONICA M. WITT and<br>ISLAND LAND COMPANY, LLC, | |
| PLAINTIFFS | |
| | ADVERSARY PROCEEDING |
| v. | NO. 09-00061-8-JRL |
| MICHAEL P. NOLAN, MICHAEL B. BURNETTE, GEORGE E. GOODRICH, MBB, INC., and BERKLEY CLUB, LLC., | |
| DEFENDANTS. | |

_____

## ORDER

This case is before the court on defendant George E. Goodrich's ("Goodrich") motion to dismiss the claims made against him and defendant Berkley Club LLC's ("Berkley Club") motion for partial summary judgment on the *lis pendens* issue. On August 17, 2010, the court conducted

a hearing on this matter in Raleigh, North Carolina. This order confirms the ruling provided at the conclusion of the hearing.

A pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2); FED R. BANKR. P. 7008. In determining whether the plaintiff has stated a claim upon which relief can be granted, the court must accept as true all pleaded allegations and view the complaint in the light most favorable to the plaintiff. Hatfill v. New York Times Co., 416 F.3d 320, 329 (4th Cir. 2005); see Papasan v. Allain, 478 U.S. 265, 283 (1986) (holding court is bound to take the well-pleaded factual allegations in the complaint as true). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as adopted by the Federal Rules of Bankruptcy Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); FED R. BANKR. P. 7012(b). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, (2007)). Heightening pleading requirements under the Federal Rules of Civil Procedure, the Supreme Court held that a statement showing entitlement to relief "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.. A claim is facially plausible when the facts alleged in the complaint allow the court to draw a "reasonable inference" that the defendant is liable for the alleged misconduct. Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' " Id. at 1950 (citation omitted).

This court finds that there are sufficient facts pleaded to plausibly find that Goodrich participated in a scheme to deprive Island Land Company ("Island Land") of the maximum value of the Berkley Manor property. In so doing, it is sufficiently alleged that Michael Nolan ("Nolan") breached his fiduciary duty to his corporation, and Goodrich aided and abetted him. The amended complaint supports its conclusion that Goodrich participated in a scheme with Nolan by alleging facts, that if true, would support a finding of civil conspiracy to deprive Island Land of its rights in the Berkley Manor property. The most telling facts regarding Goodrich's involvement can be found in paragraph 64 and its subsections. After reviewing the facts alleged in the amended complaint in the light most favorable to the moving party, the motion to dismiss the adversary proceeding is denied.

Bankruptcy Rule 7056 adopts Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, "[summary] judgment is proper if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making the determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id. "Where the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no 'genuine issue for trial.' " <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  Conversely, a genuine issue for trial exists if there is evidence to support a reasonable jury finding a verdict for the non-moving party.  <u>Shaw v. Stroud</u>, 13 F.3d 791, 798 (4th Cir. 1994) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).

After review of the pleadings and the extensive evidentiary material provided, this court finds that there is sufficient evidence of disputed material facts that Nolan breached his fiduciary duty to Island Land, and that the breach gave rise to a constructive trust being formed in favor of Island Land.  Berkely Club is the successor in interest of Nolan in the Berkley Manor property due to his assignment of his high bid after the foreclosure sale.  The amended complaint provides sufficient facts to conclude that Berkley Club is a properly named defendant and that the *lis pendens* was properly placed on the Berkley Club property to protect Island Land's interest. For the aforementioned reasons, Berkley Club's motion for partial summary judgment is denied.

## END OF DOCUMENT